# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:15 cr 75-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | |
| ) | ORDER |
| CONLEY DALE PATTERSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** has come before the undersigned pursuant to the Government's Motion to Unseal and Disclose Documents Regarding Appointment of Counsel (#46) filed by the Government. At the call of the matter for hearing, it appeared that Defendant was present with his attorney, Eric J. Foster, and the Government was present through AUSA David Thorneloe. From the arguments of counsel, the testimony presented, and the records in this case, the undersigned makes the following findings:

**Findings.** On August 4, 2015, an indictment (#1) was issued presenting charges of criminal conduct against Defendant. In count one, Defendant was charged with unlawfully engaging in the business of dealing in firearms in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). In counts two, three, and seven, Defendant was charged with selling a firearm and ammunition to a person knowing and having reasonable cause to believe that said person had been convicted

1

of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(d)(1). In counts five and six, Defendant was charged with possessing a firearm which was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. In count eight, Defendant was charged with receiving and possessing a stolen firearm in violation of 18 U.S.C. § 924(j).

Defendant came before the undersigned for an initial appearance hearing on October 28, 2015. During the initial appearance hearing, Defendant requested that counsel be appointed to represent him and presented a document entitled "Financial Affidavit" (#30) for the Court to consider. The undersigned advised Defendant he had signed the affidavit under penalty of perjury and any false statement could result in additional charges being brought against him. In response to this statement, Defendant was then asked if he wanted the undersigned to consider the Affidavit and his response was "Yes sir, please." After considering the Affidavit (#30), the undersigned found that Defendant was indigent and directed that counsel be appointed to represent Defendant. The Affidavit (#30) was filed as an *ex parte* document.

At the beginning of the arraignment hearing and detention hearing, which was held on October 30, 2015, the undersigned cautioned Defendant that the Court had reason to believe that perhaps Defendant had not given full and complete

information to the Court in his Financial Affidavit (#30). The undersigned gave Defendant an opportunity to complete a new Financial Affidavit and cautioned Defendant again that it was very important that he should tell the truth on the affidavit. Defendant then completed and presented to the undersigned a new Financial Affidavit (#35).

Mr. Thorneloe, the Assistant United States Attorney, then requested permission to present evidence as to the issue of indigency. The contents of the Affidavits (#30 & #35) had not been disclosed to Mr. Thorneloe. Mr. Thorneloe called as a witness Mark Gage, Special Agent with the Department of Alcohol, Tobacco & Firearms. Agent Gage testified that at the time he arrested Defendant on October 28, 2015, he did so at the retail store the Asheville Combat Zone. He found that the store inventory consisted of clothing and other items of military surplus equipment. He further found that at the time of arrest, Defendant had in his possession over $10,000 in cash. Agent Gage counted the cash in Defendant's presence and then put $50 into Defendant's pocket. At the Defendant's instructions, Agent Gage put the remaining cash in a freezer in a separate room in the store building.

In discussions in open court with Defendant's counsel, Mr. Foster stated it was his opinion that the cost of Defendant retaining an attorney to represent him in this matter would be approximately $15,000.

After considering the Affidavit (#35), the testimony of the witness, and the arguments and statements of counsel, the undersigned again found the Defendant was indigent.

On November 13, 2015, Mr. Thorneloe filed the Government Motion to Unseal and Disclose Documents Regarding Appointment of Counsel (#46). In the motion, Mr. Thorneloe contends that Defendant committed perjury before the Court concerning the presentation of Affidavits although Mr. Thorneloe had not been allowed to examine the Affidavits. Mr. Thorneloe further set forth allegations that Special Agent Mark Gage had now obtained certified copies of warranty deeds from the Register of Deeds of Cleveland County, NC that showed that Defendant was presently the owner of six properties of real estate having a total tax assessed value of $64,158. In the motion, Mr. Thorneloe requested that the Government unseal the two Financial Affidavits filed by Defendant. Attached to the motion were copies of deeds showing conveyances of real estate to the Defendant. The Government again called as a witness Special Agent Gage. Special Agent Gage testified that as a result of information provided to him by a Buncombe County, NC Sheriff's Deputy, who is also a task force officer with ATF, that Agent Gage had performed an investigation at the office of the Register of Deeds of Cleveland County, NC. Through the testimony of Agent Gage, the Government introduced into evidence as Gov.'s Ex.1 data from the Cleveland County, NC Register of Deeds

Office which showed that Defendant was the grantee in six separate deeds for property located in Cleveland County, NC having a total fair market value as assessed for tax purposes of $64,158. The Government introduced into evidence, without objection, the certified copies of the deeds for those tracts of real estate:

| Ex. # | Date of Deed | Grantor | Grantee | Deed book and page | Tax Value |
|---|---|---|---|---|---|
| 2-1 | 1/9/96 | Patterson Enterprises Unlimited, Inc. | Conley Dale Patterson | 1173/551 | $9,162.00 |
| 2-2 | 7/20/99 | Robert C. Patterson and wife, Ozetta Mae Patterson | Conley Dale Patterson | 1353/793 | $28,575.00 |
| 2-3 | 1/30/96 | Patterson Enterprises Unlimited, Inc. | Conley Dale Patterson | 1173/545 | $11,533.00 |
| 2-4 | 1/7/02 | Ozetta M. Patterson and Husband, Robert C. Patterson | Conley Dale Patterson | 1335/1570 | $9,611.00 |
| 2-5 | 12/4/95 | Robert C. Patterson and wife, Ozetta Mae Patterson | Conley Dale Patterson and wife, Sheila B. Patterson | 1171/1171 | $3,779.00 |
| 2-6 | 4/24/01 | Ozetta M. Patterson and Husband, Robert C. Patterson | Conley Dale Patterson | 1300/352 | $1,498.00 |

Special Agent Gage further testified, without objection, that on November 4, 2015, he had performed a debriefing with Randall Banfield, a co-defendant in the Bill of Indictment. Mr. Banfield entered into a Plea Agreement (#13) with the Government in which he entered a guilty plea to count eleven in the Bill of Indictment. During the debriefing, Mr. Banfield told Special Agent Gage that for a few days after Mr. Patterson's arrest, he and Mr. Patterson had both been detained at the Madison County, NC detention center. During that period of time, Mr.

Patterson talked to Mr. Banfield and told Mr. Banfield that he was not going to pay for an attorney and he was going to make the Government pay for his counsel. Mr. Patterson further told Mr. Banfield he had lots of other guns that had not been found by the Government.

**Discussion.** The Government seeks the financial information which Defendant provided in his two Financial Affidavits in order to investigate whether or not Defendant committed perjury during the hearings regarding his appointment of counsel. This request of the Government brings into issue the Defendant's Sixth Amendment Right to have the assistance of counsel for his defense and his Fifth Amendment Right regarding his privilege against self-incrimination. In support of the Government's motion, the Government has presented for the Court's consideration the case of <u>United States v. Ponzo</u>, Cr. No. 97-40009-NMC, 2012 WL 28065 (D. Mass. Jun. 3, 2012).

In <u>Ponzo</u>, the defendant requested that he be appointed counsel at his initial appearance hearing. In support of that request, defendant submitted a CJA-23 Financial Affidavit. That affidavit was filed pursuant to the District of Massachusetts Criminal Justice Act Plan. Based upon the affidavit, counsel was appointed for defendant. Later, there was a search of defendant's home in Idaho, which resulted in the seizure of the contents of a safe under the floor of a bedroom closet in defendant's home. The safe contained $102,000 in currency and gold

coins with an estimated value of $65,000.  As a result of this discovery, the Government had suspicion to believe defendant did not disclose those assets in his application for court appointed counsel.

The United States District Court for the District of Massachusetts had adopted a plan for implementing the Criminal Justice Act of 1964.  That plan provided that any financial affidavit presented by a defendant requesting the appointment of counsel would not be considered part of the public record unless such was ordered by the judicial officer after a notice and a hearing.  In <u>Ponzo</u>, it was the intent of the U.S. Attorney to bring additional charges by way of a superseding bill of indictment against the defendant for perjury if the information in the financial affidavit supported such charges.  The Court in <u>Ponzo</u> determined it was necessary to protect the Fifth Amendment Rights of the defendant to keep the information sealed until after the conclusion of the trial on the pending charges.  Accordingly, the Court granted the Government's motion but ordered the later release of the financial affidavit at the close of the case, whether by trial or by plea.  In addition, the Court ordered that if defendant testified in regard to the charges that were presently pending against him, the Government could petition the District Court for access to the information at the conclusion of defendant's testimony for use as impeachment evidence.

The facts in this case are very similar as those in <u>Ponzo</u>.  The undersigned

has examined the Criminal Justice Act Plan for the Western District of North Carolina and finds it does not contain any requirement that the Financial Affidavit CJA-23 form be sealed and not considered as a part of the public record. The Guide to Judiciary Policy and Procedure Volume 10 entitled <u>Public Access and Records</u>, Chapter 3, Section 340 states as follows:

> Non-Public Components of the Criminal Case File
>
> The current Judicial Conference policy on non-public components of criminal case file is as follows:
>
> 1. The following documents of the criminal case shall not be included in the public case file and shall not be made available to the public at the courthouse or by remote access:
>
> (7)(f) financial affidavits filed in seeking representation pursuant to the CJA.

In Volume 7 of The Guide to Judiciary Policy and Procedure, Chapter 5, Section 510, the following is stated with respect to public disclosure of information pertaining to activities within the Criminal Justice Act:

> **§ 510.30 Limitations on Disclosure**
>
> Generally, such information which is not otherwise routinely available to the public should be made available unless it:
>
> (a) is judicially placed under seal;
>
> (b) could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants;

(c)  could reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources; or

(d)  otherwise adversely affect the defendant's right to the effective assistance of counsel, a fair trial, or an impartial adjudication.

Volume 7, Chapter 2 of the Guide to Judiciary Policy states:

**§210.40.10 Timely Appointment of Counsel**

A person financially eligible for representation should be provided with counsel as soon as feasible after being taken into custody, when first appearing before the court or U.S. magistrate judge, when formally charged, or when otherwise entitled to counsel under the CJA, whichever occurs earliest.

(e)  Employees of law enforcement agencies or U.S. attorney offices should not participate in the completion of the Form CJA 23 (Financial Affidavit) or seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility.

(g)  The prosecution and other interested entities may present to the court information concerning the person's eligibility, but the judicial inquiry into financial eligibility must not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act or other purposes not related to the appointment of counsel.  Such determinations, if appropriate, must be made at other stages of the proceedings in which the person seeking counsel is a party.

After considering this matter, the undersigned has determined that rather than trying to make a determination of whether or not the Financial Affidavits are sealed from the Government, or further trying to make a determination as to whether or not

the Government could be considered to be "the public", the undersigned will follow the instructions of Ponzo and will issue an Order ordering the release of documents (#30) and (#35) at the conclusion of this case, whether by trial or plea. In addition, if Defendant chooses to testify, the Government may petition the District Court for access to documents (#30) and (#35) at the conclusion of Defendant's testimony for use as impeachment evidence. In this fashion, the Fifth and Sixth Amendment rights of Defendant will be protected. The undersigned finds that the Government has shown sufficient cause to seek the disclosure of the documents (#30) and (#35).

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Government Motion to Unseal and Disclose Documents Regarding Appointment of Counsel (#46) is **ALLOWED** in part and **DENIED** in part. The undersigned will allow the motion to release documents (#30) and (#35) to the Government. These documents shall be released at the conclusion of the present case whether by trial or plea. In addition, if Defendant chooses to testify in this matter, the Government may petition the District Court for access to documents (#30) and (#35) at the conclusion of Defendant's testimony for use as impeachment evidence. The Government's Motion (#46) is **DENIED** in all other respects.

Signed: February 2, 2016

Dennis L. Howell
United States Magistrate Judge